IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YUSIF AHMED, Individually, and On Behalf of All Others Similarly Situated, | Civil Action No.: |
| Plaintiff, | |
| -against- | CLASS AND COLLECTIVE ACTIONS COMPLAINT |
| BROTHERS FOOD MART and IMAD FAIEZ HAMDAN, | JURY TRIAL DEMANDED |
| Defendants. | |

### COMPLAINT

Plaintiff, YUSIF AHMED, individually and on behalf of all others similarly situated, by and through his attorneys JTB LAW GROUP, LLC and RIDDLE LAW OFFICE, alleges upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest and costs, including reasonable attorneys' fees as a result of Defendants', BROTHERS FOOD MART and IMAD FAIEZ HAMDAN (collectively "Defendants") violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2. Specifically, Plaintiff brings this action, individually and on behalf of all others similarly situated, in connection with Defendants' violation of their statutory obligations to pay overtime compensation, at a rate not less than one and one-half (1.5) times their regular rate of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

3. Plaintiff also brings this action, individually and on behalf of the putative class members, pursuant to Louisiana Civil Code § 2298 (Unjust Enrichment), to recover monetary

damages due to that Defendants have been unjustly enriched without cause by failing to pay Plaintiff, YUSIF AHMED, and members of the putative Class proper overtime compensation.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the above-described federal and state wage and hour statutes and corresponding regulations, in the manner described herein.

5. In additional to the aforesaid FLSA collective action and Louisiana state law Rule 23 class action, Plaintiff, YUSIF AHMED, further brings his individual action against Defendants for retaliatory firing in violation of the FLSA's anti-retaliation provisions under 29 U.S.C. §215 and Louisiana Revised Statutes 23 § 967(A)(1).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a Federal Statute.  As to claims under Louisiana State Law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

8. Defendant, BROTHERS FOOD MART, is a domestic business corporation organized and existing under the laws of the State of Louisiana.

9. Defendant, BROTHERS FOOD MART, is a privately owned establishment operating and doing business as a gas station, convenience store, and restaurant chain.

10.     Upon information and belief, Defendant, IMAD FAIEZ HAMDAN, is the Chief Executive Officer and the Sole Owner of BROTHERS FOOD MART and is personally involved in the day to day operation and management of all of the BROTHERS FOOD MART locations.

11.     Upon information and belief, Defendant, BROTHERS FOOD MART, through its applicant, IMAD FAIEZ HAMDAN, has registered with the Louisiana Secretary of State its address at 118 NATCHEZ TRACE DR., HARVEY, LA 70058 for purposes of accepting service.

12.     Defendants, BROTHERS FOOD MART and IMAD FAIEZ HAMDAN, are actively doing business in this State and District and maintain facilities and principal places of business at the following thirty-two (32) addresses:

  a. 1729 Lafayette St., Ste 200, Gretna, LA 70053;

  b. 9000 Westbank Expwy., Westwego, LA 70094;

  c. 2210 Airline Hwy, Kenner, LA 70062;

  d. 1020 Bridge City Ave., Bridge City, LA 70094

  e. 3124 Downs Blvd., Metairie, LA 70001;

  f. 8692 River Road., Waggaman, LA 70094;

  g. 148 Carondelet St., New Orleans, LA 70130;

  h. 2698 Barataria Blvd., Marrero, LA 70072;

  i. 1600 Manhattan Blvd., Harvey, LA 70058;

  j. 1227 Veterans Blvd., Kenner, LA 70062;

  k. 123 Terry Parkway., Terrytown, LA 70056;

  l. 801 Behrman Hwy., Gretna, LA 70056;

  m. 3441 Manhattan Blvd., Harvey, LA 70058;

  n. 4408 S I-10 Service Road W., Metairie, LA 70003;

  o. 3528 S I-10 Service Road W., Metairie, LA 70001;

  p. 10431 Airline Hwy., St. Rose, LA 70078;

  q. 3101 Esplanade Ave., New Orleans, LA 70019;

  r. 1926 Newton St., New Orleans, LA 70114;

  s. 1944 Belle Chasse Hwy., Gretna, LA 70056;

  t. 321 3659 Laplaco Blvd., Harvey, LA 70058;

  u. 3659 Laplaco Blvd., Harvey, LA 70058;

  v. 6600 Veterans Blvd., Metairie, LA 70003;

  w. 7001 Bullard Ave., New Orleans, LA 70128;

  x. 2901 Hwy 90, Avondale, LA 70094;

  y. 2000 Carol Sue Ave, Gretna, LA 70056;

  z. 502 Terry Parkway, Terrytown, LA 70056;

  aa. 5701 Crowder Blvd, New Orleans, LA 70127;

  bb. 1675 Gause Blvd, Slidell, LA 70458;

  cc. 900 Bridge City Ave., Bridge City, LA 70094;

  dd. 5104 St. Claude Ave., New Orleans, LA 70117;

  ee. 3622 General DeGaulle Dr., New Orleans, LA 70114; and

  ff. 6090 Bullard Ave., New Orleans, LA 70128.

13. At all times relevant herein, Defendant, BROTHERS FOOD MART, has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

14.     At all times relevant herein, Defendant, BROTHERS FOOD MART, operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

15.     At relevant times herein, Plaintiff, YUSIF AHMED, was a resident of New Orleans Parish, Louisiana.

16.     Plaintiff, YUSIF AHMED was formerly employed by Defendants as a Cashier at 801 Behrman Hwy., Gretna, LA 70056 from approximately January 2013 to May 2013.

## FACTUAL ALLEGATIONS

17.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

18.     At all times material and relevant herein, Defendants were jointly the "employer" of Plaintiff and similarly situated employees within the meaning of 29 U.S.C §203(d) and Louisiana Revised Statutes 23:900.

19.     At all times material and relevant herein, Defendants either directly or indirectly hired Plaintiff and similarly situated Cashiers; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

20.     Upon information and belief, during the applicable statutory period, Defendants employed, in aggregate, at least ninety (90) Cashiers at the above-listed thirty-two (32) branch stores.

21.     Upon information and belief, at all times material and relevant herein, Plaintiff, YUSIF AHMED, and all other similarly situated Cashiers at each of the Defendants' branch store performed job duties that do not fall under any exemptions under the FLSA.

22. Upon information and belief, at all times material and relevant herein, Plaintiff, YUSIF AHMED, and all other similarly situated Cashiers were required by Defendants and did regularly work well over forty (40) hours per week.

23. Upon information and belief, at all relevant times herein, Plaintiff, YUSIF AHMED, and all other similarly situated Cashiers were treated as non-exempt hourly employees by Defendants.

24. At all relevant times Plaintiff, YUSIF AHMED, and all other similarly situated Cashiers did *not* receive overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for work in excess of forty (40) hours per week.

25. At all relevant times herein, Defendants maintained control, oversight, and direction over the Plaintiff, YUSIF AHMED, and the putative members of the proposed collective/class, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

26. Upon information and belief, Defendants never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff and similarly situated employees were employed, in violation of 29 C.F.R. §516.4.

27. Upon information and belief, at all times material and relevant herein, Defendants failed to keep full and accurate records of Plaintiff, YUSIF AHMED's and all other similarly situated Cashiers' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

28. Upon information and belief, at all times material and relevant herein, Defendants consistently and continuously enforced a uniform policy and/or practice of permitting, encouraging and/or requiring Plaintiff, YUSIF AHMED, and all other similarly situated

Cashiers to work over 40 hours per week.

29.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Louisiana Workforce Commission, or any administrative practice or enforcement policy of such a department or bureau.

30.     Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

31.     Upon information and belief, in or around May 2013, as a proximate result of his verbal complaints to Defendants about the company's illegal overtime pay practices, Plaintiff, YUSIF AHMED, was terminated in retaliation, in violation of 29 USC § 215(a)(3) and Louisiana Revised Statutes 23 § 967(A)(1).

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

33.     Plaintiff brings this collective and class action individually and on behalf of all other similarly situated Cashiers who were/are affected by Defendants' willful and intentional violation of the FLSA and Louisiana Civil Code as described in this Complaint.

34.     Plaintiff brings this collective action to recover monetary damages owed by Defendants to Plaintiff and members of the putative Collective for all unpaid overtime compensation for hours in a work week in excess of forty (40) pursuant to the FLSA.

35.     Plaintiff also brings this class action to recover monetary damages owed by Defendants to Plaintiff and members of the putative Class for all unpaid overtime

compensation for hours in a work week in excess of forty (40) pursuant to the regulations forbidding unjust enrichment and/or breach of contract under the Louisiana Civil Code.

36. Plaintiff brings this claim for relief for violation of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The Collective is defined as follows:

> **All current and former employees of Defendants, who were/are 1) employed as Cashiers in the State of Louisiana during the applicable statutory period; and 2) not paid overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours in a work week in excess of forty (40).**

37. Plaintiff brings this class action claim for relief under Rule 23 of the Federal Rules of Civil Procedure and the Louisiana Civil Code § 2298. The Class is defined as follows:

> **All current and former employees of Defendants, who were/are 1) employed as hourly employees in the State of Louisiana during the applicable statutory period; and 2) not paid proper overtime compensation, without cause, for hours worked in a week in excess of forty (40).**

38. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Collective/Class is so numerous that joinder of all members is impractical. While the exact number and identities of putative Collective and Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least ninety (90) putative collective and class members have worked for Defendants during the applicable statutory period, without receiving appropriate overtime compensation, as required by law.

39. This litigation is properly brought as a collective/class action because of the existence

of questions of fact and law common to the Collective/Class which predominates over any questions affecting only individual members, including:

    a. Whether Defendants are liable to Plaintiff and members of the Collective/Class for violations of the FLSA and Louisiana State law, and the Louisiana Civil Code;

    b. Whether Plaintiff and all other similarly situated Cashiers worked in excess of forty (40) hours in a week; and

    c. Whether Defendants failed to pay Plaintiff and members of the Collective/Class overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours in the work week in excess of forty (40).

40. This litigation is properly brought as a collective/class action because Plaintiff, YUSIF AHMED's claims are typical of the claims of the members of the Collective/Class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein. Like all Collective/Class members, Plaintiff was damaged by Defendants' system-wide policies and practices of failing to pay overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours in a work week in excess of forty (40), in violation of the FLSA and Louisiana Civil Code § 2298.

41. A collective/class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue savings to both the Court and the Collective/Class in litigating the common issues on a classwide basis instead of on a repetitive individual basis;

    b. Despite the size of individual Collective/Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on

   a common basis, will enable this case to be litigated as a Collective/Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

  c. No unusual difficulties are likely to be encountered in the management of this collective/class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Collective/Class.

42. Collective/Class certification is also fair and efficient because prosecution of separate actions by individual Collective/Class members would create a risk of differing adjudications with respect to such individual members of the Collective/Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

43. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Collective/Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

44. Plaintiff and the putative collective and class members demand a trial by jury.

## FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA Wage Provisions)

45. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

46. Defendants required Plaintiff and all other similarly situated Cashiers to work hours in a work week in excess of forty (40).

47. Defendants failed to pay Plaintiff and all other similarly situated Cashiers overtime

compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours in a work week in excess of forty (40).

48. Defendants' failure to pay Plaintiff, YUSIF AHMED, and the Collective/Class proper overtime compensation for hours in a work week in excess of forty (40) violates the FLSA.

49. Defendants' uniform conduct and practices, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

50. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

51. As a result of Defendants' uniform policy and practice described above, Plaintiffs were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorneys' fees and other compensation pursuant to 29 U.S.C § 216(b).

**SECOND CLAIM FOR RELIEF**
**(Collective Action Claim for Violation of FLSA Wage Provisions)**

52. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

53. Defendants required Plaintiff, YUSIF AHMED and all other similarly situated Cashiers employed in the State of Louisiana to work hours in a work week in excess of forty (40).

54. Defendants failed to pay Plaintiff and all other similarly situated Cashiers overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours in a work week in excess of forty (40).

55. Defendants' failure to pay Plaintiff and all other similarly situated Cashiers proper overtime compensation for hours in a work week in excess of forty (40) violates the FLSA.

56. Defendants' uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

57. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

58. As a result of Defendants' foregoing violation, Plaintiff and all other similarly situated Cashiers were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## THIRD CLAIM FOR RELIEF
### (Individual Claim for Unjust Enrichment)

59. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

60. Defendants recognized the benefits conferred upon them by Plaintiff, YUSIF AHMED, and all other similar situated Cashiers.

61. Defendants accepted and retained the benefits under circumstances that would render such retention inequitable.

62. Defendants were aware and/or notified of the work performed without compensation and demand was made for payment for such work.

63. Defendants have thereby been unjustly enriched without cause and Plaintiff has been damaged, and there is no valid justification for such enrichment under the law.

64. The payment requested by Plaintiff for the benefits produced by him is based on customary and reasonable rates for such services at the time and in the locality where the services were rendered, and the amount by which Plaintiff was impoverished and Defendants were enriched is identical.

65. No other remedy exists under the laws of the State of Louisiana to recover these unlawfully unpaid wages.

66. Plaintiff is entitled to damages equal to all unpaid wages due within three (3) years preceding the filing of this Complaint plus periods of equitable tolling, as allowed by Louisiana Civil Code § 3494(1).

67. Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

## FOURTH CLAIM FOR RELIEF
### (Rule 23 Class Action Claim for Unjust Enrichment)

68. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

69. Defendants recognized the benefits conferred upon them by Plaintiffs and members of the putative Class.

70. Defendants accepted and retained the benefits conferred by Plaintiff and members of the putative Class under circumstances that would render such retention inequitable.

71. Defendants were aware and/or notified of the work performed without compensation and demand was made for payment for such work.

72. Defendants have thereby been unjustly enriched without cause and Plaintiff and members of the putative Class have been damaged, and there is no valid justification for such

enrichment under the law.

73. The payment requested by Plaintiff and members of the putative Class for the benefits produced by them is based on customary and reasonable rates for such services at the time and in the locality where the services were rendered, and the amount by which Plaintiff and members of the putative Class were impoverished and Defendants were enriched is identical.

74. No other remedy exists under the laws of the State of Louisiana to recover these unlawfully unpaid wages.

75. Plaintiff and members of the putative Class are entitled to damages equal to all unpaid wages due within three (3) years preceding the filing of this Complaint plus periods of equitable tolling, as allowed by Louisiana Civil Code § 3494(1).

76. Plaintiff and members of the putative Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

<b>FIFTH CLAIM FOR RELIEF</b><br><b>(Individual Claim for Retaliation)</b>

77. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

78. Plaintiff, YUSIF AHMED, brought violations of FLSA overtime provisions to the attention of Defendants.

79. Defendants terminated Plaintiff, YUSIF AHMED, when wage violations were brought to their attention.

80. There is temporal proximity between Plaintiff, YUSIF AHMED's last verbal complaint and his termination.

81. Retaliatory firing resulting from bringing FLSA violations to an employer's attention

is a violation of FLSA's anti-retaliation provisions under 29 USC § 215(a)(3).

82.     Retaliatory firing resulting from bringing violations of the law to an employer's attention is a violation of the Louisiana Anti-Retaliation Statute, Louisiana Revised Statutes 23 § 967(A)(1).

83.     Defendants' conduct and practices, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

84.     As a result of Defendants' retaliatory firing Plaintiff was illegally deprived of compensation, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, compensatory damages for emotional distress, liquidated damages, pre-judgment interest, costs, punitive damages, reasonable attorneys' fees and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, YUSIF AHMED, and the putative Collective/Class members demand declaratory, injunctive and monetary judgment and relief against Defendants, and each of them, individually, jointly and severally, as follows:

A.     A declaratory judgment that Defendants' wage practices alleged herein violate overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq*.

B.     A declaratory judgment that Defendants were unjustly enriched as a result of their unlawful overtime compensation practices under the Louisiana Civil Code § 2298.

C. An order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to FLSA, Louisiana Civil Code, and related laws and regulations.

D. An Order directing Defendants, at their own expense, to investigate and account for the number of overtime hours actually worked by the Plaintiff and all putative collective and class members.

E. Judgment for unpaid overtime compensation to which Plaintiff and all other similarly situated Cashiers are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all overtime compensation owed to Plaintiff and members of the Collective during the applicable statutory period.

G. An Order directing Defendants to pay Plaintiff and members of the putative Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action pursuant to the Fair Labor Standard Act, 29 U.S.C. §201, *et esq*.

H. Judgment for compensatory damages pursuant to Plaintiff's and the Class members' Unjust Enrichment claims, in an amount to be determined at trial, together with interest, costs, and attorney's fees.

I. A declaratory judgment stating that Plaintiff, YUSIF AHMED was wrongfully terminated in retaliation for bringing wage and hour law violations to the Defendants' attention.

J. Judgment for compensatory damages, reasonable attorneys' fees, court costs, pre-judgment interest, and post-judgment interest for Plaintiff, YUSIF AHMED's retaliatory firing, pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, attendant regulations at 29 C.F.R. §516 *et seq* and Louisiana Revised Statutes 23 § 967(A)(1).

K. Judgment for liquidated and punitive damages for Plaintiff, YUSIF AHMED's retaliatory firing pursuant to Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

L. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated Cashiers may be entitled.

M. Incentive awards for the lead Plaintiff, YUSIF AHMED.

N. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court.

O. Equitably tolling for the Collective effective the date of the filing of the instant Complaint.

P. An Order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. 216(b) to all similarly situated individuals.

Q. An Order certifying this action as a class action on behalf of the proposed Rule 23 Class.

R. An order designating the Plaintiff, YUSIF AHMED, as a representative of the proposed FLSA Collective and Rule 23 Class.

S. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: September 9, 2013

                              Respectfully submitted,

                              **RIDDLE LAW OFFICE**

**By:**   s:/CHARLES A. RIDDLE, III
        Charles A. Rillde, III (#10974)
        criddle777@aol.com
        Jenny Donaghey-Beckham, (#34522) Of Counsel
        208 East Market Street
        P.O. Box 608
        Marksville, Louisiana 71351
        Tel: (318) 240-7217
        Fax: (318) 240-9000

        -And-

        **JTB LAW GROUP, LLC**

        Jason T. Brown (will seek *Pro Hac Vice* admission)
        jtb@jtblawgroup.com
        155 2nd Street, Suite 4
        Jersey City, New Jersey 07302
        Tel: (201) 630-0000
        Fax: (855) 582-5297

        *Attorneys for Plaintiff*