**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **YUSIF AHMED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5948** |
| **BROTHERS FOOD MART, et al.** | **SECTION: "G"(5)** |

**ORDER**

On September 25, 2013, Yusif Ahmed ("Plaintiff") filed a complaint against Brothers Food

Mart and Imad Faiez Hamdan (collectively, "Defendants") for relief under the Fair Labor Standards

Act, 29 U.S.C. 216(b) ("FLSA").[1] Before the Court is the "Joint Motion and Stipulation for Approval

of Settlement and for Dismissal with Prejudice" (the "Settlement Agreement") submitted by Plaintiff

and Defendants (collectively, the "Parties") on July 11, 2014.  After considering the motion,[2] the

memorandum in support,[3] and the record, the Court will defer its decision pending further briefing

as to the Parties' calculations of Plaintiff's unpaid overtime wages award, statutory damages award,

and reasonable attorney's fees.

**I. Settlement Agreement**

The Settlement Agreement provides, in relevant part:

Brothers Petroleum, Hamden, and Brothers Behrman (collectively "defendants") agree to
pay, and Ahmed accepts the sum of SEVEN THOUSAND FIVE HUNDRED AND 00/100
DOLLARS ($7,500.00). Pursuant to Ahmed's instructions, the settlement proceeds will be
paid as follows: (1) one check made payable to Yusif Ahmed for unpaid overtime wages in
the amount of $1,000.00, less legal deductions, for which defendants will issue a Form W-2;

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 32.

[3] Rec. Doc. 32-2.

1

(2) one check made payable to Yusif Ahmed in the amount of $1,000.00 for alleged statutory damages, for which defendants will issue a Form 1099; and (3) one check made payable to The JTB Law Group, LLC in the amount of $5,500.00 for reasonable attorneys' fees and costs...[4]

## II. Parties' Representations

The Parties assert that "the proposed settlement arises in an adversarial context, with pending litigation, and the parties are represented by competent counsel."[5] They further state that "plaintiff's FLSA claim involves disputes about FLSA coverage and computation, and consequently, the proposed settlement represents a reasonable compromise of disputed issues."[6] The Parties do not explain how they calculated the amount of Plaintiff's overtime wages, the amount of alleged statutory damages, or the amount of reasonable attorney fees.

## III. Law and Analysis

When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.[7] If the settlement reflects "a reasonable compromise over issues," the court may approve it.[8] In such actions, the court "shall...allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[9]

### A.    Unpaid Overtime

---

[4]  Rec. Doc. 32-3 at p. 2.

[5] Rec. Doc. 32-2 at p. 4.

[6] *Id.*

[7] *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citations omitted); *see also* 29 U.S.C. § 216(b).

[8] *Villegas v. Regions Bank,* CIV.A. H-11-904, 2013 WL 76719 (S.D. Tex. Jan. 4, 2013).

[9] 29 U.S.C.A. § 216(b).

2

The FLSA provides for actual damages in unpaid overtime as well as an "additional equal amount as liquidated damages."[10] The Settlement Agreement allocates to Plaintiff "one check made payable to Yusif Ahmed for unpaid overtime wages in the amount of $1,000.00, less legal deductions."[11] However, the Parties do not explain how they calculated this amount. Moreover, they fail to document the amount of "legal deductions" that will be deducted from this sum. It is unclear, therefore, how the Parties determined that $1,000.00 "fairly compensates [P]laintiff for his FLSA claim."[12]

### B.      Statutory Damages

The Settlement Agreement additionally states that Plaintiff will receive "one check made payable to Yusif Ahmed in the amount of $1,000.00 for alleged statutory damages..."[13] As with the amount of unpaid overtime wages, the Parties provide no explanation of how or why they derive this figure.

### C.   Reasonable Attorney's Fees

"Determining a reasonable attorney's fee is a matter that is committed to the sound discretion of a trial judge, ... but the judge's discretion is not unlimited."[14] The burden is on the plaintiff to demonstrate the amount of attorney's fees, including any adjustment or enhancement.[15] "A fee

---

[10] *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (citing  29 U.S.C. § 216(b)); *see also Ransom v. M. Patel Enterprises, Inc.*, 734 F.3d 377, 387 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)).

[11] Rec. Doc. 32-3 at p. 2.

[12] Rec. Doc. 32-2 at p. 4.

[13] Rec. Doc. 32-3 at p. 2.

[14] *Perdue v. Kenny A. ex. rel. Winn,* 559 U.S. 542, 558 (2010).

[15] *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 225 (5th Cir. 2011).

applicant seeking an enhancement must produce specific evidence that supports the award."[16] A court abuses its discretion when it awards attorney's fees without "a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement."[17]

Courts in the Fifth Circuit engage in a two-step process to assess attorney's fees arising under the FLSA.[18] First, a lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[19]  "[T]here is a strong presumption that the lodestar figure is reasonable."[20] However, after calculating the lodestar, a district court may decrease or enhance amount of attorney's fees "based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*"[21]  The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account.

---

[16] *Perdue,* 559 U.S. at 543.

[17] *Id.* at 558.

[18] Traditionally, courts have considered the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) when calculating attorney's fees. In *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 550-551 (2010), the Supreme Court noted that the *Johnson* factors were "[o]ne possible method" for determining reasonable attorney's fees, but that the factors "gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." Since *Perdue*, however, the Fifth Circuit and the Eastern District of Louisiana have continued to weigh the *Johnson* factors when considering whether to decrease or enhance the lodestar in FLSA attorney's fee cases. *See, e.g., Ransom v. M. Patel Enterprises, Inc.*, 734 F.3d 377, 388 (5th Cir. 2013); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Altier v. Worley Catastrophe Response, LLC*, CIV.A. 11-241, 2012 WL 161824 at *22 (E.D. La. Jan. 18, 2012). Accordingly, this Court does the same.

[19] *Id.*

[20] *Id.* at 553-54.

[21]  *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-19 (5th Cir. 1974)). The Johnson factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Such reconsideration is impermissible double-counting."[22]

A lodestar reduction may be warranted by plaintiffs' failure to demonstrate billing judgment following settlement of a FLSA claim. In *Saizan v. Delta Concrete Products Co.,* the Fifth Circuit explained that

> [p]laintiffs seeking attorney's fees bear the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgement.[23]

In the present case, the Parties request that this Court approve "one check made payable to The JTB Law Group, LLC in the amount of $5,500.00 for reasonable attorneys' fees and costs."[24] However, the Parties present no evidence of the reasonable number of hours expended on the litigation or the reasonable hourly rate for Plaintiff's attorney. Until the Parties present such lodestar documentation,  the Court will be  unable to make a determination regarding the reasonableness of the stipulated attorney's fees.

## IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Parties further brief the Court on their calculations of Plaintiff's overtime compensation and statutory damages sum, as well as provide lodestar documentation supporting the Parties' calculation of attorney's fees.

**IT IS FURTHER ORDERED** that the Parties provide such additional briefing by October 10, 2014.

---

[22] *Saizan v. Delta Concrete Products Co.,* 448 F.3d 795, 800 (5th Cir. 2006) (citation omitted).

[23] *Id.* at 799.

[24] Rec. Doc. 32-3 at p. 2.

**NEW ORLEANS, LOUISIANA**, this <u>11th</u> day of September, 2014.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**